Tukney, J.,
delivered the opinion of the court.
On 29th March, 1837, William W. Anderson, by deed, .conveyed to David Reid, William H. Deaderick, David Wilson, Samuel Hale, W. W. Anderson, George Mayo and Charles Bogart, ruling elders of Mars Hill (Presbyterian) Church at Athens, and their successors in office, in trust, for the purpose, use and benefit of said Mars Hill Church, a lot of ground in Athens, as a site for the erection of a Church edifice.
The building was erected and was occupied and used as a Church, without molestation or discord, until the latter part of the year 1863, when it was appropriated for a military hospital. About the close of the war the regularly installed pastor was compelled to leave his congregation and change his residence for personal safety.
Soon after the surrender of the Confederate armies, one Thorpe, with the assent of a small minority of *469 the members of the Church, occupied the pulpit. He left about the first of the year 1867. Next, and very soon, came one David M. Wilson, claiming to be a missionary from the New School General Assembly of the Presbyterian Church.-
During the minstrations of these two professed ministers, elders were elected for the Church, but under circumstances of disorganization and irregularity portraying a want of Christian liberality revolting to the most indifferent, and made manifest by dropping from the rolls of the Church and excommunicating from its rites and privileges, a long list of members, many of whom had been consistent members of the Presbyterian Church for forty years, and had worshiped in the house in controversy since its erection — the reason assigned being a heresy of political and not religious opinion, and the humble expression of a desire to reorganize upon the old basis and in strict conformity to the rules and laws of Presbyterian Church Government.
However shocking these things may be to the reader ■of their details, and however much, they may obstruct the growth of the Church and paralyze its influence for good, we are not to deal with them. Regretting the existence of that intolerant spirit which threatens to soil the mantle of Christianity by dragging it in the dust of the halls of the courts of the country, and joining with the able solicitor of defendants in the hope that all breaches may be healed, all wounds cured, and the Church again be- one, oblivious to its present bickerings and heart-burnings, we approach the question •addressed to our consideration.
*470 Ecclesiastical courts have exclusive jurisdiction in matters of church government, church organization, religious tenets, and the laws of religious judications; with these the civil courts must not and can not interfere; but must leave them to the free, uncontrolled jurisdiction of the tribunals established by the Church,, for they are matters of religious faith and conscience, and are subjects for determination by a jurisdiction ordained and inspired by a power above the creator of. political institutions.
The personal and property rights of Churches and their members are civil, and of them the courts of the State have exclusive jurisdiction. Ecclesiastical courts, have no jurisdiction to decide the rights of property- and enforce its protection.
Here the question is one of title to the Church edifice and lot, which must be determined by a construction of the deed from William W. Anderson. We have already recited the conditions of the deed.
From thence it is apparent, the intention of the grantor was to benefit and promote the interests not of the trustees and their successors, but of the Presbyterian congregation, or members of the Presbyterian Church at Athens; the trustees were invested with the-mere naked legal title, without any beneficial interest,, except such as resulted to them as members of the-Church proposed to be established, or if already established, to be continued and advanced by the donation -or grant.
Without comment upon a decision of the effect of' acts of the only surviving trustee at the close of the- *471 war, or of those claimed to have been created by the defendants and those cooperating with them afterwards, upon the relation to any ecclesiastical court of Mars Hill Church as a Church, which is an organized body of Christian believers worshiping together, we hold, that action had no effect to transfer the title to the property used as a place of worship from the body of worshipers; that the elders, as elders, had no interest in the property of which they could dispose by sale or transfer. Carrying out the purpose of the grantor, the law will continue the property in the members of the religious body designated, (i. e.) the Mars Hill Presbyterian Church at Athens, unaffected by its transfer from jurisdiction to jurisdiction in Church government, unless the Church, as a Church, see proper to dispose of it under the provisions of the deed, and as authorized by its constitution and laws.
Whatever may be the extent of meaning of the term Church, as understood by divines and ecclesiastical courts and lawyers, we are confined in this case to the meaning intended by the grantor, derived from the language employed. He has given it a ’ limited meaning and we are bound by it.
Affirm the decree with costs.